# COURT OF APPEALS
## Jan. 25, 1916.

### THE PEOPLE v. HECTOR A. ZAYAS.

(217 N. Y. 78.)

JURISDICTION—OF CRIMES COMMITTED PARTLY WITHIN THIS STATE AND PARTLY WITHIN ANOTHER—FALSE PRETENSES—PROPERTY OBTAINED IN ANOTHER STATE BY PRETENSES MADE IN THIS STATE—SUCH ACTS CONSTITUTE A CRIME IN THIS STATE.

Section 1930 of the Penal Law of the state provides in part as follows: "The following persons are liable to punishment within the state: (1) A person who commits within the state any crime, in whole or in part." This statute gives the state jurisdiction of an offense committed partly within the state and partly within the borders of a foreign state, and in order to constitute a crime under the law of this state it is not necessary that the transaction should also constitute a crime under the law of the foreign state.

The indictment in question alleges that false pretenses were made in the state of New York, and that by reason thereof the complaining witness delivered money or property to the defendants in the state of Pennsylvania. The demurrers raise the question whether the fact that the false pretenses were made in New York and the money or property obtained in another state renders this count of the indictment insufficient in law. *Held*, that the word *crime* as used in this statute should be construed solely with reference to the Penal Law of the state of New York, and that the acts alleged constitute a crime under the laws of this state without regard to the law prevailing in the state where the crime was consummated. (People v. Arnstein, 211 N. Y. 585, considered.)

People v. Zayas, 168 App. Div. 949, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 21, 1915, which affirmed an order of the court at a Trial Term sustaining demurrers to an indictment for grand larceny.

The facts, so far as material, are stated in the opinion.

*Charles Albert Perkins, District Attorney (Robert S. Johnstone* of counsel), for appellant.

By virtue of the general statutory provision contained in the Code all who participate in the commission of a crime are principals, and the whole history of the statute indicates plainly that it was enacted as a jurisdictional statute, and that it relates to the jurisdiction over offenses planned or in part committed outside the state. (People v. Bihler, 154 App. Div. 618; People v. Arnstein, 157 App. Div. 766.) The state has the right to take " jurisdiction " of offenses begun within the state and consummated outside its borders. (People v. Arnstein, 211 N. Y. 585; Presser v. Illinois, 116 U. S. 252; Huntington v. Attrill, 146 U. S. 657; People v. West, 106 N. Y. 293; Shevlin-Carpenter Co. v. Minnesota, 218 U. S. 68; Stewart v. Jessup, 51 Ind. 413; People ex rel. Corkran v. Hyatt, 172 N. Y. 176; People v. Sturdevant, 23 Wend. 418; U. S. v. Guiteau, 47 Am. Rep. 241; Charles v. People, 1 N. Y. 180.) A state or sovereignty is limited to the prosecution and punishment of persons for infractions of its own law. With the penal laws of an independent sovereignty it has no concern, except in so far as a duty may be imposed upon it to surrender fugitives who have taken refuge in its territory. (Huntington v. Attrill, 146 U. S. 657; State v. Hall, 114 N. C. 909; Whart. Crim. Law [11th ed.], § 310; People v. Noelke, 94 N. Y. 137; Charles v. People, 1 N. Y. 180; Comm. v. Dana, 2 Metc. 329; Green v. State, 66 Ala. 40; Comm. v. Macloon, 101 Mass. 1.) It is not necessary, in order to render the accused indictable and punishable here, that the offense with which he is charged should also be indictable at the place of consummation. (Wharton on Confl. of Laws, § 826a; People v. Staples, 91 Cal. 23; Hemmaker v. State, 12 Mo. 453; State v. Underwood, 49

Me. 181; Murray v. State, 18 Ala. 727; State v. Kief, 12 Mont. 92; State v. White, 14 L. R. A. [N. S.] 556; Worthington v. State, 58 Md. 403; Barclay v. United States, 11 Okla. 503.)

*John F. McIntyre* for Hector A. Zayas, respondent.

The legislature did not intend to provide for the punishment of persons who enter into schemes to do acts unlawful here if they are not unlawful in a corresponding degree in the jurisdiction where the acts are finally done. (People v. Arnstein, 211 N. Y. 585.)

*John M. Quinn* and *Almuth C. Vandiver* for Frank W. McGee, respondent.

No matter what construction is placed on subdivision 1, section 1930 of the Penal Law, it does not nor can it authorize the punishment in New York for a felony, when at most the acts committed in New York are only a part of a misdemeanor committed in the state of Pennsylvania. (People v. Arnstein, 211 N. Y. 585; Connor v. State, 29 Fla. 455; Sims v. State, 28 Tex. App. 447; Graham v. People, 181 Ill. 477; Bates v. State, 124 Wis. 612.)

*Nathan Vidaver* for Harry K. Pommery, respondent.

The crime charged against the defendant is a felony in the state of New York and a misdemeanor in the state of Pennsylvania, and, therefore, the indictment cannot be sustained. (People v. Arnstein, 211 N. Y. 585.)

*Maurice Deiches* for William C. Hughes, respondent.

An indictment charging the crime of grand larceny in the first degree, which charges that the defendant by means of

false pretenses in New York obtained money of the complainant in Pennsylvania, is properly demurrable. (People v. Arnstein, 211 N. Y. 585; State v. Shaeffer, 89 Mo. 271; Bates v. State, 124 Wis. 612; Connor v. State, 29 Fla. 455; State v. Gritzner, 134 Mo. 512; Geier v. Shade, 109 Penn. St. 180; Rothermal v. Hughes, 134 Penn. St. 510.)

SEABURY, J.:

The demurrers were interposed to the first count of the indictment. This count charges grand larceny in its first degree. It charges the form of larceny known as false pretenses. It alleges that the false pretenses were made in the county of New York, state of New York, and that by reason thereof the complaining witness delivered money or property to the defendants in the city of Philadelphia, in the state of Pennsylvania. It is not necessary to set forth in detail these allegations, as the demurrers raise only the question whether the fact that the false pretenses were made in New York, and the money or property obtained in another state, renders this count of the indictment insufficient in law. This question must be determined under the statutes of this state. Section 1930 of the Penal Law of the state provides, in part, as follows: " The following persons are liable to punishment within the state: (1) a person who commits within the state any crime, in whole or in part." The word crime as used in this statute should be construed solely with reference to the Penal Law of the state of New York. In People v. Arnstein (211 N. Y. 585, 592) Chief Judge BARTLETT said: " The determination of this appeal really depends upon the meaning of the words any crime ' in subdivision 1, section 1930, of the Penal Law. * * * I have reached the conclusion that the phrase any crime in subdivision 1 of section 1930 of the Penal Law means any offense which, if committed wholly within the State of New York, would constitute a crime against the laws of New York. Our law is

made the test of criminality, and one who commits part of such offense here and part elsewhere is punishable here. I think this is the natural meaning of the language used in the statute, and I can find no reason which ought to constrain us to interpret it otherwise." The reasons leading to this conclusion were set forth in the opinion of the chief judge in the Arnstein case and need not here be repeated. For the reasons so cogently stated in that opinion I think the judgment in this case should be reversed. The respondents urge that we are not free to adopt this course because of the decision reached in the Arnstein Case (*supra*). In that case divergent views as to the meaning of the statute now under consideration were expressed. Six of the seven judges who heard the appeal in that case held that the statute declared that offenses committed partly within this state and partly in another state constitute a crime punishable under the law of this state. Only one judge expressed an opinion to the contrary and he did not doubt the power of the legislature to declare that such acts should constitute a crime under the law of this state, but was of the opinion that the legislature did not in this statute so provide. Of the six judges who held that this statute gave this state jurisdiction of an offense commenced within the state and consummated beyond its borders, three held that it was necessary that the transaction should also constitute a crime under the law of the foreign state and three held that it was not necessary that the transaction should constitute a crime under the law of the foreign state. The only question of law actually decided in the Arnstein case was that this statute gave the state jurisdiction of an offense committed partly within the state and partly within the borders of a foreign state. To that determination I think that we should adhere in this case. Whether it is necessary under this statute that the transaction should also constitute a crime under the law of the foreign state was not decided in the Arnstein case. I think that we should now decide, in accordance with the

views expressed in the opinion of Chief Judge BARTLETT in the Arnstein case that in order to constitute a crime under the law of this state, it is not necessary that the transaction should also constitute a crime under the law of the foreign state. Even if there still remains a difference of opinion as to the correct interpretation of this statute, it is nevertheless necessary under the reasoning to which six judges in the Arnstein case subscribed that we should hold that these demurrers should be disallowed. In the Arnstein case the statute of the foreign state was not pleaded whereas in this case the statute of Pennsylvania is alleged. In the Arnstein case three judges were of the opinion that " it was necessary to show in the indictment that the acts charged against the defendants constituted a crime under the laws of New York, and also constituted a crime of a corresponding nature under the laws of Massachusetts and Connecticut. In that respect the indictment is faulty." In the present case the indictment not only sets forth the Pennsylvania statute but it appears from that statute that the offense therein described is punishable by fine and three years' imprisonment, and is, therefore, irrespective of whether it is denominated a felony or misdemeanor, " a crime of a corresponding nature " to that alleged in this indictment. (People ex rel. Cosgriff v. Craig, 195 N. Y. 190, 197.)

We are all agreed that the judgment in the present case should be reversed. The reversal could be sustained upon either of two grounds, viz., first, that the acts alleged constitute a crime under the law of this state, or, second, that the acts alleged considered in connection with the law of the state where the crime was consummated, constitute a crime. The ground upon which our decision is placed will necessarily have an important bearing upon other cases, and it is in the interest of a proper administration of the criminal law of this state that the rule in cases of this character should be settled. The decision in the Arnstein Case (supra) did not determine the

question. We are now called upon to determine upon which of these grounds our decision should rest, and I think that we should place our judgment in this case on the ground that the acts alleged constitute a crime under the law of this state without regard to the law prevailing in the state where the crime was consummated.

The judgment and order appealed from should be reversed and the demurrers disallowed.

CUDDEBACK, J. (concurring in result).

The indictment in this case alleges that the defendants, with intent to defraud one F. Conger Smith, made certain false and fraudulent representations to him at the borough of Manhattan, in the city of New York, and afterwards at the city of Philadelphia, Pennsylvania, obtained from Smith the sum of $750 as the result of such false representations; and the indictment also alleges that the laws of Pennsylvania, in force at the time, provided that a person who shall defraud another, and obtain his property by any false pretense, shall be guilty of a misdemeanor and punishable on conviction by a fine of not more than $500 and by imprisonment for not more than three years. The indictment was, therefore, good under the decision of this court in People v. Arnstein (211 N. Y. 585) whether the views of those who stood for reversal or those who stood for affirmance in that case be adopted. Nothing further is required for the decision in this case. It is not necessary to hold, as the prevailing opinion does, that the indictment would be good if it omitted the allegation as to the Pennsylvania law.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE and CARDOZO, JJ., concur with SEABURY, J., and CUDDEBACK, J., concurs in result in separate opinion; HOGAN, J., not voting.

Judgment reversed and demurrers disallowed.