Samuel J. Joseph, J.
The defendants having been indicted for the crime of attempted grand larceny, second degree (Indictment No. 559/1957) now move for an inspection of the Grand Jury minutes or alternatively, a dismissal of the indictment on the following grounds:
1. That the evidence before the Grand Jury fails to establish, prima facie, any crime of an attempt to commit grand larceny, second degree.
2. That the Grand Jury of the County of Bronx did not have jurisdiction to find an indictment because none of the essential components of the crime charged were committed in Bronx County.
3. That the indictment is founded on the testimony of accomplices uncorroborated by other evidence, as required by section 399 of the Code of Criminal Procedure thereof.
The defendants contend, under point one and two, that the acts charged against them in Bronx County which predicate the indictment constitute mere preparation in New York to attempt to commit the crime of larceny in New Jersey. In other words, the claim is made that no crime was committed by the defendants in New York State since the overt acts allegedly committed in Bronx County could only have reached the stage of successful conclusion in New Jersey (Harrison). Accordingly, it is urged that Harrison, New Jersey is the governing locale for the prosecution of the alleged attempt to commit larceny and that the defendants are not amenable to punishment under New York law (Penal Law, §§ 261, 1297) for the alleged commission of a crime that could only be effectuated in the State of New Jersey and where, under the laws of that State, the crime of larceny by fraud or misrepresentation is a misdemeanor (N. J. S. A. 2A: 111-1).
In support of this position, the defendants rely primarily upon People v. Werblow (241 N. Y. 55) holding that a conspiracy formed in New York does not give our courts jurisdiction to punish for a crime committed abroad. This ruling, however, appears to have been founded upon a determination that the overt acts committed in New York, in furtherance of the conspiracy, were not essential components of the crime of larceny committed abroad (in London, England). The other cases cited by the defendants are not conclusive authority for the legal proposition that a State has no jurisdiction to prosecute *826 and punish for acts within its borders, in attempting to commit a crime, whose completion could only result outside the territorial jurisdiction of the prosecuting State.
Subdivision 1 of section 1930 of the Penal Law designates the following as liable to punishment within the State of New York: “ A person who commits within the state any crime, in whole or in part.” The word “ crime ” as construed in this statute means acts committed in this State, and the test of criminality is whether these acts committed in New York constitute a crime in this State (People v. Arnstein, 211 N. Y. 585).
Moreover, the State of New York is given jurisdiction of an offense committed partly within this State and partly within a foreign State, and to constitute a crime under the laws of this State, under subdivision 1 of section 1930 of the Penal Law it is not necessary that the transaction should also constitute a crime under the law of the foreign State (People v. Zayas, 217 N. Y. 78).
Although this court has received the benefit of learned memoranda of law from counsel for both sides, and has likewise made independent research, there appears to be no recorded ease in this State that fits squarely within the factual pattern and legal issue herein presented, involving as it does an alleged attempt to commit a crime that was slated for foreign consummation. However, in State v. Terry (109 Mo. 601), a similar principle of law was in issue and resolved against the defendant. In that case, the indictment was founded upon a charge that the accused in St. Louis, Missouri attempted to obtain money by false pretenses from a fraternal organization in Baltimore, Maryland, by means of fraudulent representations, for death benefits accruing to an alleged deceased member of the said organization. Although reversing the conviction for the crime attempted on the ground of a defect in the indictment, the Missouri Supreme Court nonetheless ruled that the gravamen of the offense charged was the attempt in the State of Missouri, and the fact that the locus for its consummation was in a foreign State did not affect the venue as having properly been laid within the State of Missouri (see, also, Wharton on Criminal Law [9th ed.], §§ 195, 288).
Exploring therefore a virgin field insofar as applicable case law in this State is concerned, this court holds that, with proper safeguards, the principle of the Zayas decision, supra (based upon a crime completed outside the State of New York) may be extended to embrace as cognizable offenses, acts commenced *827 in this State, as attempts to commit the crime charged, regardless of the foreign situs intended for the execution of the substantive crime, or of the laws of such foreign State governing the consummated crime or the punishment thereof.
Speaking of safeguards, and guided by the Werblow decision (supra) the problem posed herein is narrowed to a determination as to whether the acts allegedly committed by the defendants in Bronx County in furtherance of their conspiracy to defraud the Radio Corporation of America (adjustment department in Harrison, New Jersey) of the sum of $279.56, in credit allowances or replacement of alleged defective electronic tubes, were of such a nature as to embody the necessary ingredients establishing the crime of attempted grand larceny, second degree, as defined by New York law.
Section 1296 of the Penal Law defines grand larceny, second degree, as follows: “ A person is guilty of grand larceny in the second degree who * * * steals or unlawfully * * * appropriates: 1. Property of the value of more than one hundred dollars, but not exceeding five hundred dollars, in any manner whatever ”.
An attempt to commit a crime is defined (Penal Law, § 2) as “ An act, done with intent to commit a crime, and tending but failing to effect its commission ”. It has been held that the acts in furtherance of a criminal project do not reach the stage of attempt unless they carry the project forward within dangerous proximity to the criminal end to be attained. (People v. Ditchik, 288 N. Y. 95; Hyde v. United States, 225 U. S. 347.) Neither combination, nor incitement nor preparation is enough, and “ the stage of fulfillment must be reached, and that of promise left behind.”
In summary, indictment No. 559/1957 alleges that the defendants, engaged in the business of dealing in radio and television tubes and equipment in Bronx County, ordered one Stanley Seltzer and one John Mazzuka to supply them with false rebranded tubes from which the original marks had been removed; that the said Seltzer and Mazzuka, pursuant to such request by the defendants rebranded in The Bronx and delivered to the defendants over a period of eight months, a quantity of defective tubes purporting to show that they were those of the Radio Corporation of America on which the warranty of that company was still in force; that the defendants attempted to wrongfully obtain from R. C. A. for 307 such defective tubes, a credit allowance or replacement of tubes in the amount of $279.56.
*828 The minutes of the Grand Jury establish that the defendants received these counterfeit tubes from their alleged accomplices and, in furtherance of their conspiracy to defraud R. G. A., communicated with the adjustment department of such corporation in Harrison, New Jersey, for the purpose of credit allowances or tube replacements and that after such contact delivered the rebranded tubes to the United States Post Office to be forwarded to R. 0. A. in New Jersey, when certain events, initiated by an investigation by the District Attorney of Bronx County, interrupted the completion of the nefarious scheme.
Accordingly, this evidence prima facie establishes the criminal conspiracy by the defendants, together with sufficient overt acts in Bronx County that carried the conspiracy beyond the stage of preparation but falling short of consummation because of timely interruption (see People v. Sullivan, 173 N. Y. 122; People v. Collins, 234 N. Y. 355; People v. Rizzo, 246 N. Y. 334).
In connection with the defendants’ questioning the jurisdiction of the Bronx County Court, it is argued that since the defendants maintain their place of business in New York County, and the purported misbranding of electronic tubes occurred in Bronx County, the attempt to criminality occurred in New York County if the defendants ordered such rebranding from their business office and received such tubes in New York County. The indictment however alleges that one Seltzer and one Muzzuka (who effected the actual rebranding) aided and abetted the defendants in the commission of such attempted crime. They are co-conspirators and accomplices of the accused defendants. Their acts and admissions are those of the defendants until the completion of the specific crime charged, to wit, the attempt to commit grand larceny, second degree. Preparation is always an essential part of the crime, even though the final stage of the crime is consummated in a different place from where the preparation was made (People v. Dimick, 107 N. Y. 13; People v. Sullivan, 173 N. Y. 122, supra; see, also, People v. Nicoll, 3 A D 2d 64).
The acts or effects requisite to the consummation of the offense are not intended to be construed to mean the final acts or effects so as to bar prosecution because none of the effects of the crime occurred in a particular county. (People v. Licenziata, 199 App. Div. 106.) Section 134 of the Code of Criminal Procedure would therefore be applicable to confer jurisdiction in either New York or Bronx County.
The question of punishment for the attempt to commit the crime charged, which was to be consummated outside the juris *829 diction of New York State, to wit, the State of New Jersey, presents an interesting question. It is emphasized that the punishment for the completed crime in New Jersey, if it had been accomplished there, would be entirely different from that of our own State. To illustrate, the defendants are charged with a felony, viz., the attempt to commit grand larceny in the second degree. If the crime had been completed in New Jersey it would only have been a misdemeanor carrying a different punishment than that prescribed in New York. What punishment may be imposed?
This court holds that the laws of New York State control punishment so long as the acts committed by the defendants constitute a cognizable crime under the laws of the State of New York. (See People v. Zayas, 217 N. Y. 78, supra.)
In the light of the testimony adduced before the Grand Jury, this court finds there is sufficient testimony to show that the acts of the defendants were not mere preparation subject to abandonment, but came within dangerous proximity to the successful culmination of the substantive crime charged, i.e., stealing property (new tubes) under false representations.
It is therefore the finding of this court that the acts committed by the defendants satisfy the requirements of an attempt to commit the crime of grand larceny, second degree in Bronx County and that the prosecution for such crime in this county is not barred by reason of the fact that the substantive crime was to be consummated in New Jersey.
As to the remaining ground urged for the relief sought, i.e. lack of corroborative proof, the Grand Jury minutes disclose legal and sufficient evidence to sustain the crime charged. The motion is in all respects denied.