OPINION OF THE COURT
John A. K. Bradley, J.
The defendant, Michael Griffen, has moved to dismiss indictment No. 7354/83, alleging that this court lacks jurisdiction pursuant to CPL 20.40.
The defendant is awaiting trial in Part 49 of this court for the crime of murder in the second degree. While awaiting trial he has been incarcerated at the House of Detention for Men at Rikers Island, and has during that time been indicted for the crime of tampering with a witness in the second degree (Penal Law, § 215.12, subd 1).
It is alleged that the defendant intentionally caused physical injury to Anthony Shields for the purpose of obstructing, preventing, and impeding the giving of testimony in the trial in this court. It is undisputed that all of the threats and conduct directed against Mr. Shields, an eyewitness in the murder prosecution, have occurred on *1069 Rikers Island, which for jurisdictional purposes is deemed to be within Bronx County.
The defense argues that for jurisdictional purposes the crime occurred in Bronx County and can only be prosecuted there.
Under common law a criminal offense was to be prosecuted only in the county where the offense was committed. (Matter of Steingut v Gold, 42 NY2d 311, 316; Matter of Murtagh v Leibowitz, 303 NY 311.)
CPL 20.40 says:
“A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when:
“1. Conduct occurred within such county sufficient to establish:
“(a) An element of such offense; or
“(b) An attempt or a conspiracy to commit such offense; or
“2. Even though none of the conduct constituting such offense may have occurred within such county * * *
“(c) Such conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein; or”.
“Particular effect” is defined in CPL 20.10 (subd 4) which states: “When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction, such conduct and offense have a ‘particular effect’ upon such jurisdiction.”
Assuming, arguendo, that the defendant acted as alleged in the indictment, such conduct clearly had or was likely to *1070 have a materially harmful effect upon the government processes and community welfare of New York County which effect the defendant knew and intended it would have (People v Fea, 47 NY2d 70). It is difficult to conceive of a statute more specifically targeted to protect the integrity of the court processes than the statute which criminalizes wrongful attempts to deprive criminal courts of relevant testimony (see People v Leonard, 24 Misc 2d 300). In this regard Fea (supra) and Matter of Steingut (supra) relied upon by the defendant are distinguishable. In Fea (supra) the defendant committed assaults in Rockland County in an effort to collect usurious loans made in Bronx County. Such conduct was not deemed to have impacted upon the community welfare of Bronx County since it was directed essentially only at the “debtor.” Moreover, the place of repayment was not significant. In Steingut (supra) the effect upon the electoral process caused by a single campaign contribution in a county-wide election was deemed too “amorphous” (p 317) to satisfy the jurisdictional prerequisite. Here, however, the conduct was targeted and likely to have the requisite impact upon the judicial processes of this county.
The court concludes that jurisdiction is therefore proper in New York County.