■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY VASTANO, Respondent.—Appeal by the People from an order of the Supreme Court, Suffolk County (McInerney, J.), dated December 14, 1984, which granted defendant's motion to set aside a jury verdict convicting him of attempted insurance fraud in the first degree, and dismissed the indict-

ment pursuant to CPL 290.10 on ground of insufficient evidence.

Order reversed, on the law, motion denied, jury verdict reinstated, and matter remitted to the Supreme Court, Suffolk County, for the imposition of sentence.

Defendant was convicted of attempted insurance fraud in the first degree following his attempt to arrange a car theft in order to defraud one of his coconspirator's insurance companies. Defendant concededly plotted out the substantive crime together with his coconspirators, obtained the keys to a coconspirator's car, and transferred them to a third party who was to arrange for the disposal of the vehicle, and advised a coconspirator that he "got rid of the car" and that it should be reported stolen to the insurance company in two weeks. Defendant's accomplice never reported the purported theft and therefore defendant claims that no overt act occurred sufficient to effect the substantive crime. The trial court agreed and set aside the jury's verdict of guilt on the ground that the verdict was contrary to the evidence and the law.

We disagree.

It is well settled that, in general, on a question of sufficiency of the evidence, the testimony of the People's witnesses coupled with the factual inferences deduced therefrom must be viewed most favorably to the prosecution (see, People v Smith, 55 NY2d 945; People v Herbert, 100 AD2d 883).

It is clear that defendant here did more than merely engage in "acts of preparation". When he transferred the keys and subsequently advised a coconspirator that a report be made to the insurance company, he took the requisite steps toward completion of the crime. These were acts "which tend[ed] with unbroken continuity to the attainment of the end in view" (People v Werblow, 241 NY 55, 65). The fact that an insurance claim was neither prepared nor filed is not controlling. Whether a person has attempted to commit a crime requires a focusing upon the mind and intent of the actor and not upon the result (see, People v Dlugash, 41 NY2d 725).

Further, "[t]he necessary overt act need not be ' "the final one towards the completion of the offense" ' * * * 'Whenever the acts of a person have gone to the extent of placing it in his power to commit the offense unless interrupted and nothing but such interruption prevents his present commission of the offense, at least then he is guilty of an attempt to commit the offense' " (People v Trepanier, 84 AD2d 374, 376-377).

Accordingly, it is irrelevant that no formal claim for loss

was filed since defendant's previous conduct constituted the necessary overt acts and were themselves requisite steps toward the completion of the crime (see, *People v National Radio Distribs. Corp.,* 9 Misc 2d 824).

The evidence presented was legally sufficient to sustain the jury's verdict. Accordingly, the trial court's order is reversed, defendant's conviction is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the imposition of sentence. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.