OPINION OF THE COURT
Alfred Donati, Jr., J.
Defendant is charged with crimes on three dockets. On docket No. 91N051077, defendant is charged with Penal Law § 215.50 (3), criminal contempt in the second degree, and *85 Penal Law §§ 110.00, 215.15 (1), attempting to intimidate a victim or witness in the third degree. On docket No. 91N013642, defendant is charged with Penal Law § 215.50 (3), criminal contempt in the second degree. On docket No. 91N033844, defendant is also charged with Penal Law § 215.50 (3), criminal contempt in the second degree. Docket Nos. 91N051077 and 91N013642 concern violations of orders of protection issued in New York County, and allegedly violated in New York County. The order of protection in docket No. 91N033844 was also issued in New York County, but allegedly violated in Bronx County.
The information at issue here is docket No. 91N033844 alleging that defendant disobeyed a valid order of protection while in Bronx County, which was issued in New York County and prohibited defendant from assaulting, menacing or threatening Diane Ortega. It is alleged that on March 31, 1991, at about 1700 hours at 2170 University Avenue in the County of the Bronx and State of New York, the defendant committed the offense of violating Penal Law § 215.50 (3), criminal contempt in the second degree, by hitting the deponent, Diane Ortega, in the right eye, breaking her glasses, and causing swelling to said eye.
At oral argument the People asserted that although the act constituting the alleged contempt of an order, issued in New York County, had occurred in Bronx County, jurisdiction was conferred on this court pursuant to CPL 20.40 (2) (c), whereas defendant argued that jurisdiction did not lie under CPL 20.40 (2) (c). This statute states in pertinent part that:
"A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when * * *
"2. Even though none of the conduct constituting such offense may have occurred within such county * * *
"(c) Such conduct had, or was likely to have, a particular effect upon such county or a political subdivision or part thereof, and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein”.
"Particular effect” is defined in CPL 20.10 (4) which states: "When conduct constituting an offense produces consequences *86 which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction, or result in the defrauding of persons in such jurisdiction, such conduct and offense have a 'particular effect’ upon such jurisdiction.”
Addressing the argument made at oral argument, this court preliminarily held that jurisdiction over defendant was conferred by CPL 20.40 (2) (c). Given the assumed facts stipulated to, arguendo, at oral argument, this court found that, under the circumstances here, defendant knew that his Bronx County violation of an order of protection issued in New York County would likely have an adverse effect upon the government processes of New York County which relies upon the full force and effect of its orders of protection. Consequently, the court had jurisdiction over defendant pursuant to CPL 20.40 (2) (c). (See, People v Griffen, 121 Misc 2d 1068 [Sup Ct, NY County 1983]; see also, People v Fea, 47 NY2d 70 [1979].)
Subsequently, a disposition was reached on all three dockets. Defendant conditionally pleaded guilty to violating Penal Law § 240.25 (3), a violation, on all three dockets, and this case was adjourned until September 11, 1991, for a report on defendant’s observance of the continued temporary order of protection in effect. Upon defendant’s successful observance of the order of protection during this period, the People agreed to an adjournment in contemplation of dismissal on the court return date.
In anticipation of the return date, this court has now further reviewed the statute in question and finds that the court has jurisdiction over defendant in this case pursuant to CPL 20.40 (3), as well as CPL 20.40 (2) (c). (It should be noted at this point that this court has found no reported cases applying CPL 20.40 [3] to an order of protection violation.)
CPL 20.40 (3) states as follows:
"A person may be convicted in an appropriate criminal court of a particular county, of an offense of which the criminal courts of this state have jurisdiction pursuant to section 20.20, committed either by his own conduct or by the conduct of another for which he is legally accountable pursuant to section 20.00 of the penal law, when * * *
"3. The offense committed was one of omission to perform a duty imposed by law, which duty either was required to be or could properly have been performed in such county. In such *87 case, it is immaterial whether such person was within or outside such county at the time of the omission”.
Thus, although defendant allegedly violated the order of protection in Bronx County, CPL 20.40 (3) confers jurisdiction in New York County, where defendant’s duty to stay away from complainant, "either was required to be [performed in such county] or could properly have been performed in such county” and "it is immaterial whether such person was within or outside such county at the time of the omission”.
Since the scope of the order of protection here was not limited to a particular county, had defendant and complainant been in any county in New York City simultaneously, as was the case here when they both were in the Bronx, defendant’s duty to stay away from complainant would be capable of being performed then and there. (See, People v Scannelli, 49 AD2d 648 [3d Dept 1975].) Accordingly, concurrent jurisdiction over defendant on docket No. 91N033844 extends to Bronx as well as New York County (and, indeed, at least to all counties in New York City, wherein this court has jurisdiction), pursuant to CPL 20.40 (3) as well as CPL 20.40 (2) (c). (See, NY City Crim Ct Act §§ 20, 30, 31; CPL 530.12 [6].)