OPINION OF THE COURT
Barbara Gunther Zambelli, J.
This is a motion by the defendant to dismiss a violation of a temporary order of protection issued against him, on the ground that the "accusatory instrument” charging him with the violation was facially insufficient in that it failed to specify the city in which the alleged violation took place. The defendant also claims that, in any event, this court is without jurisdiction to hold him in contempt for violating the temporary order of protection since the street address where the violation allegedly occurred was located in the City of Yonkers. For the reasons discussed below, this court finds the defendant’s arguments to be without merit, and his motion is, accordingly, denied.
The defendant was charged in this court with aggravated harassment in the second degree on November 12, 1993. A temporary order of protection was then issued against him on February 25, 1994, effective during the pendency of the harassment charge, which ordered him to "observe the following conditions of behavior: Stay away from the home, school, business and place of employment of [the complainant]; Do not assault, harass, intimidate, threaten or otherwise interfere with [the complainant] * * * Refrain from any and all contact with [the complainant] directly, by telephone, or otherwise.”[1] On July 13, 1994, the complainant signed a violation of the *141 temporary order of protection, asserting that the defendant had "failed to obey the order of protection” by mailing a threatening letter to her residence at "7 Balint Drive, Apt. 728” on May 27, 1994. The letter received by the complainant was reproduced verbatim in the violation. The violation further requested that the defendant "be dealt with” in accordance with Judiciary Law § 751 and CPL 530.13.
This court finds that the violation of the temporary order of protection signed by the complainant was facially sufficient to allege a basis for holding the defendant in criminal contempt under sections 750 and 751 of the Judiciary Law. Section 750 provides, in relevant part, that a court
"has power to punish for a criminal contempt, a person guilty of * * *
”3. Wilful disobedience to its lawful mandate.” (Judiciary Law § 750 [A] [3].)
While the same act may be punishable as both a civil and criminal contempt, the element which escalates a contempt to criminal status is the level of wilfulness associated with the conduct (McCain v Dinkins, 84 NY2d 216, 225 [1994]). A civil contempt is one where the rights of an individual have been harmed by the contemnor’s failure to obey a court order, while a criminal contempt involves an offense against judicial authority and is utilized to protect the integrity of the judicial process and to compel respect for its mandates (Matter of Department of Envtl. Protection v Department of Envtl. Conservation, 70 NY2d 233, 239 [1987]). Any penalty imposed for a civil contempt is not designed to punish, but rather to compensate the injured private party or to coerce compliance with the court’s mandate, or both, while the aim in imposing a penalty for a criminal contempt is punitive, and is solely to punish the contemnor for disobeying a court order (Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; State of New York v Unique Ideas, 44 NY2d 345 [1978]).
To sustain a finding of either civil or criminal contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect, and it must appear with "reasonable certainty” that the order has been disobeyed (Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra, at 240). The violation issued against the defendant in this case, seeking to hold him in criminal contempt, properly alleged that a lawful mandate of *142 this court was in effect at the time of the violation, a temporary order of protection, and also identified the underlying crime pursuant to which it had been issued. The violation also properly set forth the claim that the defendant had failed to comply with the terms of the lawful mandate then in effect, and alleged sufficient facts to support the wilfulness of his conduct. The defendant’s assertion that the violation must be dismissed as facially insufficient because it failed to state the city in which the violation occurred is meritless since a violation of an order of protection is not an accusatory instrument, does not result in a criminal conviction, and is, therefore, not subject to the sufficiency requirements for accusatory instruments outlined in CPL article 100. In cases involving nonfamily offenses, as exists here, a violation of an order of protection is governed by CPL 530.13, and, in addition to the power of the court to impose punishment under CPL 530.13 (8), such a violation is punishable as a civil and/or criminal contempt of court pursuant to sections 751 and 753 of the Judiciary Law.[2] Thus, absent a statutory requirement that the city in which the violation allegedly occurred be specifically noted in the violation, the violation of the order of protection need not be dismissed on that basis.
In addition, even if the location where the violation was alleged to have occurred was within the City of Yonkers, as the defendant contends it was based upon the street address given by the complainant, the violation need not be dismissed on that ground either. The Uniform City Court Act provides that where a contempt of the court has been committed, the court’s process or mandate relating to the punishment of the contemptuous person may be served and executed in any part of the county (UCCA 1509).
Moreover, had this violation been prosecuted as a criminal offense, it is clear that this court would also have geographical jurisdiction over the defendant based upon his conduct in Yonkers which violated the order of protection issued by this court, under CPL 20.50 and 20.40 (2) (c), as well as under section 20.40 (3). Since the defendant knew that his conduct violating the order of protection, although occurring outside the City of Mount Vernon, would likely have "a particular *143 effect” within the City of Mount Vernon,[3] which relies on the full force of its orders of protection, this court would have jurisdiction of such an offense under CPL 20.40 (2) (c) (see, People v Ortega, 152 Misc 2d 84 [Crim Ct, NY County 1991] [New York County had jurisdiction to prosecute violation of order of protection issued by it, but which violation occurred in Bronx County]). Jurisdiction would also exist in this court under CPL 20.40 (3) if this violation had been prosecuted as a criminal offense, since under that statute, applicable to the city courts through CPL 20.50 (1), jurisdiction would lie where the defendant’s duty to stay away from the complainant was either "required to be or could properly have been performed” within the City of Mount Vernon. Under such circumstances, the statute deems it immaterial whether the defendant was within or outside the city at the time of commission of such offense (see, CPL 20.40 [3]).
Moreover, since the defendant is not being prosecuted for a criminal offense under the Penal Law in this proceeding, his request for a Sandoval hearing is denied (People v Sandoval, 34 NY2d 371 [1974]). In consideration of all the above reasons, the defendant’s motion to dismiss the violation is denied.

. The harassment charge was later dismissed on speedy trial grounds on August 2, 1994.

. Although a violation of an order of protection may be prosecuted as a criminal offense under Penal Law § 215.50 where the acts constituting the violation rise to the level of criminality under that statute, the violation at issue here is not being prosecuted as a criminal offense.

. See, CPL 20.10 (4).