*328 OPINION OF THE COURT
Judith Lieb, J.
The defendant, who has been charged in Bronx County with failing to register with the Sex Offender Monitoring Unit in New York County, has moved for dismissal of the complaint on the ground that the court lacks geographic jurisdiction over this prosecution because the defendant’s alleged failure to register occurred in New York County. The defendant’s motion is denied, however, because of the material effect of the alleged failure on Bronx County. As explained below, such effect is a statutory basis for jurisdiction in Bronx County.
FACTS
According to a superseding complaint dated December 1, 1999, the defendant, who had previously been convicted of attempted sexual abuse in the first degree, failed to comply with the registration requirements of the Sex Offender Registration Act (SORA) in violation of Correction Law § 168-t. Specifically, a police officer alleged in the complaint that on July 29, 1999, the defendant failed to verify his registration personally with the Sex Offender Monitoring Unit (SOMU), located at 314 West 40th Street, New York, New York, as he was required to do. Further, the officer alleged that the defendant resided in Bronx County and that the SOMU was “the sole designated law enforcement agency for the five boroughs of New York City” at which a sex offender may register or verify his registration. The issue before this court is whether these allegations are sufficient to sustain this court’s geographic jurisdiction.
DISCUSSION
The defendant moves to dismiss the complaint on the ground that the allegations charging the crime of failing to verify a SORA registration occurred only in New York County, and that therefore a court sitting in Bronx County does not have geographic jurisdiction over this prosecution.
Granted, the Criminal Procedure Law confers jurisdiction on a court sitting in a county where a defendant’s act's constituting at least an element of the offense are alleged to have taken place. (CPL 20.40 [1].) Indeed, a defendant at common law had the “right to be tried in the county where the crime was committed.” (People v Moore, 46 NY2d 1, 6 [1978].) However, the CPL provides additional bases for geographical jurisdiction, including a “protective theory of jurisdiction” (People v Fea, 47 NY2d 70, 76 [1979]), which is conferred by CPL 20.40 (2) (c).
*329 CPL 20.40 (2) (c) provides that a person may be convicted in the criminal court of a particular county in the following circumstance:
“Even though none of the conduct constituting such offense may have occurred within such county [such person may be convicted if] * * *
“(c) Such conduct had, or was likely to have, a particular effect [as defined in CPL 20.10 (4)] upon such county * * * and was performed with intent that it would, or with knowledge that it was likely to, have such particular effect therein.”
CPL 20.10 (4), in turn, defines the term, “Particular effect of an offense.” Under that definition: “When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction * * * such conduct and offense have a ‘particular effect’ upon such [county or other] jurisdiction.” (CPL 20.10 [4].)
A court may thus exercise “protective jurisdiction” if the defendant’s conduct has a “materially harmful impact” upon governmental processes or the welfare of the community. It is not sufficient under the statute that the conduct caused an injury to a particular person; what is required is injury to the county’s governmental processes or community as a whole, and that the defendant intended that effect or acted with knowledge of such effect. (See, People v Fea, 47 NY2d 70 [1979], supra; People v Calandra, 117 Misc 2d 972, 983-984 [Sup Ct, NY County 1983].)
This court is not aware of any cases applying CPL 20.40 (2) (c) to confer jurisdiction over a prosecution charging a defendant with failure to register under SORA. A starting point in understanding this statute as it applies to the present case is the Court of Appeals analysis in People v Fea (supra), and the examples it provided in its opinion.
In People v Fea (supra), the Court of Appeals concluded that Bronx County did not have protective jurisdiction over a prosecution for assaults allegedly committed in Rockland County, the object of which purportedly was to compel one of the victims to resume payments to the defendant under a usurious loan. The parties had agreed to the loan terms in Bronx County, and the victim had made about half of the payments in that County. The Court of Appeals rejected the prosecution’s argument that Bronx County had “protective jurisdiction” because the result of the assaults “was not intended to cause harmful impact *330 upon the community as a whole, but rather only upon the recalcitrant debtor.” (People v Fea, 47 NY2d, at 77-78.) By contrast, the Court of Appeals stated that a court in “county A” would have jurisdiction under CPL 20.40 (2) (c) to hear a bribery prosecution if the effort to bribe an executive officer of “county A” occurred in “county B” because of the general effect of the bribery on “county A.” (Supra, at 77.) Likewise, the Court of Appeals noted that if a person attempted to blow up a dam in one county, knowing it was likely that his act would cause substantial flooding in a second county, the second county would have jurisdiction over the prosecution of the transgressor. (Supra.)
Some cases have found protective jurisdiction where conduct in one county would further the commission of a potential crime in the county in which a prosecution for such conduct (but not the future crime) was brought. (See, e.g., Matter of Arcuri v Kirk, 231 AD2d 962 [4th Dept 1996] [Herkimer County court had jurisdiction over prosecution related to defendant’s alleged actions outside county to facilitate anticipated narcotics sales inside Herkimer County]; cf., People v Kassebaum, 264 AD2d 664 [1st Dept 1999] [New York State court had protective jurisdiction under CPL 20.20 (2) (b) to hear prosecution charging defendant with attempted criminal possession of a controlled substance and conspiracy where defendant negotiated in Boston to buy heroin -that he intended to resell in New York].) Other cases have found protective jurisdiction where a defendant’s out-of-county conduct would have an effect particularly on governmental processes. (See, e.g., People v Capparelli, 158 Misc 2d 996 [Sup Ct, NY County 1993] [New York County court had jurisdiction over prosecution charging that defendant attempted to thwart a prosecution in New York County by threatening a witness in Queens County; even though no New York County prosecution or investigation was then pending, the crimes the defendant sought to conceal had occurred in New York County]; People v Ortega, 152 Misc 2d 84 [Crim Ct, NY County 1991] [New York County had jurisdiction over prosecution charging the defendant with violating an order of protection issued in New York County by allegedly hitting the protected party in Bronx County].) CPL 20.40 (2), however, is not limited to these situations, for it extends to any conduct that has a material effect on the community, if such conduct was performed with the requisite intent under the statute.
Considering the policy behind SORA, this court concludes that Bronx County is a county in which this action was properly *331 brought. As stated by the United States Court of Appeals for the Second Circuit, “The legislative history of the [SORA] supports the preamble’s characterization of the twin purposes served by the SORA — protecting communities by notifying them of the presence of individuals who may present a danger and enhancing law enforcement authorities’ ability to fight sex crimes.” (Doe v Pataki, 120 F3d 1263, 1276 [2d Cir 1997], cert denied 522 US 1122 [1998].)
The defendant’s alleged failure to register does not have an effect only on a particular individual (such as the assault victim in Fea, supra), but instead has an effect on the community as a whole in which he resides — namely, Bronx County, because the failure to register impedes notification to the community of sex offenders living in that community. It also impinges on the ability of law enforcement authorities to fight sex crimes, and thereby also has an effect on the governmental processes of Bronx County. The defendant’s alleged failure to register thus meets a prime element of the jurisdictional test enumerated by Fea. Further, his alleged failure to register has an effect that is material as required by CPL 20.10 (4). The lack of registration is material in the community in which an offender resides because efforts to “conduct investigations and quickly apprehend sex offenders are impaired by the lack of information about sex offenders” in the community. (L 1995, ch 192, § 1, para 1.) Likewise, the failure to register deprives the community of the statutory information. Indeed, lawmakers have found the need for sex offender registration to be so critical that all 50 States have sex offender registration laws in effect.* Moreover, the Federal Government has enacted legislation to *332 encourage States to adopt laws requiring convicted sex offenders and offenders against children to register with law enforcement agencies. (See, Jacob Wetter ling Crimes Against Children and Sexually Violent Offender Registration Act, 42 USC § 14071.) Finally, because the purpose behind registration — to protect a sex offender’s community by requiring the offender’s registration — is fairly obvious, this court concludes that it has protective jurisdiction because the facts alleged, if true, would establish that the defendant failed to register, knowing that such failure would be likely to have a material effect in Bronx County.
In sum, the court concludes that the materially harmful impact to Bronx County caused by the defendant’s alleged failure to register in New York County furnishes grounds, pursuant to CPL 20.40 (2) (c), for this court to properly exercise jurisdiction over the prosecution in the instant matter.
Accordingly, the defendant’s motion to dismiss is denied.

 See, Ala Code §§ 13A-11-200 — 13A-11-203 (1999); Alaska Stat §§ 12.63.010-12.63.100 (2000); Ariz Rev Stat Annot §§ 13-3821 — 13-3827 (2000); Ark Code Annot §§ 12-12-901 — 12-12-920 (1999); Cal Penal Code §§ 290-290.95 (1999); Colo Rev Stat Annot § 18-3-412.5 (1999); Conn Gen Stat Annot §§ 54-250 — 54-261 (1999); Del Code Annot, tit 11, §§ 4120-4122 (1999); Fla Stat Annot §§ 775.21-775.25 (1999); Ga Code Annot § 42-9-44.1 (1999); Haw Rev Stat Annot §§ 846E-1 — 846E-9 (1999); Idaho Code §§ 18-8301-18-8326 (1999); 730 111 Comp Stat Annot 150/1-150/12 (1999); Ind Code Annot §§ 5-2-12-1 — 5-2-12-13 (1999); Iowa Code Annot §§ 692A.1-692A.16 (1999); Kan Stat Annot §§ 22-4901 — 22-4912 (1999); Ky Rev Stat Annot §§ 17.500-17.578 (1998); La Rev Stat Annot §§ 15:540-15:549 (2000); Me Rev Stat Annot, tit 34-A, §§ 11001-11252 (1999); Md Code Annot, art 27, § 792 (1999); Mass Gen Laws Annot, ch 6, §§ 178C-178P (1999); Mich Comp Laws Annot §§ 28.721-28.732 (1999); Minn Stat Annot § 243.166 (1999); Miss Code Annot §§ 45-33-1 — 45-33-19 (2000); Mo Annot Stat §§ 589.400-589.425 (1999) ; Mont Code Annot §§ 46-23-501 — 46-23-512 (1999); Neb Rev Stat An-not §§ 29-4005 — 29-4013 (2000); Nev Rev Stat Annot §§ 179D.010-179D.850 (2000) ; NH Rev Stat Annot §§ 651-B:1 — 651-B:9 (1999); NJ Stat Annot *332 §§ 20:7-1 — 20:7-11 (2000); NM Stat Annot §§ 29-11A-1 — 29-11A-8 (2000); NY Correction Law § 168 et seq. (1999); NC Gen Stat §§ 14-208.5 — 14-208.15 (1999); ND Cent Code § 12.1-32-15 (2000); Ohio Rev Code Annot §§ 2950.01-2950.14, 2950.99 (1999); Okla Stat Annot, tit 57, §§ 581-589 (1999); Ore Rev Stat §§ 181.594-181.606 (1997); 42 Pa Cons Stat Annot §§ 9791-9799.6 (1999); RI Gen Laws §§ 11-37.1-1 — 11-37.1-19 (2000); SC Code Annot §§ 23-3-400— 23-3-520 (1998); SD Codified Laws §§ 22-22-31 — 22-22-41 (2000); Term Code Annot §§ 40-39-101 — 40-39-110 (1999); Tex Grim P Code Annot §§ 62.05-62.12 (2000); Utah Code Annot § 77-27-21.5 (1999); Vt Stat Annot, tit 13, §§ 5401-5413 (2000); Va Code Annot §§ 19.2-298.1 — 19.2-298.4 (1999); Wash Rev Code Annot §§ 9A.44.130-9A.44.145 (1999); W Va Code §§ 15-12-1 — 15-12-10 (2000); Wis Stat Annot §§ 301.45-301.46 (1999); Wyo Stat Annot §§ 7-19-301 — 7-19-307 (2000).