Richard A. Brown, J.
Following a preliminary hearing defendant moves to dismiss the misdemeanor information under which he is charged with violation of section 215.10 of the Penal Law, tampering with a witness. That section provides as follows: "A person is guilty of tampering with a witness when, knowing that a person is or is about to be called as a witness in an action or proceeding, (a) he wrongfully induces or attempts to induce such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at, such action or proceeding”.
At the preliminary hearing one Richard Borrea, a hospital security guard, testified that while waiting in a corridor of the Brooklyn Criminal Court building to appear as a witness in a criminal proceeding wherein the defendant was charged with assaulting a police officer, he was approached by the defendant who said to him "Today is your last day. You are a dead man tonight.” At that point, the witness stated, he began to laugh and the defendant said, "Go ahead and laugh you son of a bitch, go ahead and laugh” and then proceeded to walk back to the courtroom. Thereafter the witness did, in fact, testify for the prosecution in the assault case.
Defendant argues that (1) section 215.10 of the Penal Law is unconstitutionally vague and that (2) there is no reasonable cause to believe that he committed the misdemeanor charged. I would hold to the contrary.
There is a strong presumption of the constitutionality of any legislative enactment and the burden of demonstrating unconstitutionality beyond a reasonable doubt rests upon the one asserting it (Nettleton Co. v Diamond, 27 NY2d 182; Fenster v Leary, 20 NY2d 309; People v Pagnotta, 25 NY2d 333; Matter of Van Berkel v Power, 16 NY2d 37).
There is also a presumption that the Legislature has investigated for and found facts necessary to support the legislation at issue. (ILFY Co. v Temporary State Housing Rent Comm., 10 NY2d 263; Lincoln Bldg. Assoc. v Barr, 1 NY2d 413, Matter of Van Berkel v Power, supra.)
Accordingly a court of first instance should not seek to set *219 aside a legislative enactment unless the statute is unreasonable, arbitrary and the conclusion of unconstitutionality is inescapable. (People v Salerno, 17 Misc 2d 535; National Psychological Assn. for Psychoanalysis v University of State of N.Y., 18 Misc 2d 722, affd 8 NY2d 197; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.)
A statute will be declared unconstitutional for vagueness if it be demonstrated beyond a reasonable doubt that:
a) The statute which creates the crime is not definite in specifying conduct which is condemned or prohibited, and
b) The controlling statute does not afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements.
Laws which create crimes ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. (People v Grogan, 260 NY 138; People v Lang, 36 NY2d 366; United States v Harriss, 347 US 612.)
This court upholds the constitutionality of section 215.10 of the Penal Law and in doing so declares it is not impermissibly vague and in fact is a reasonable restriction upon the individual for the public good.
The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding. (People v Byron, 17 NY2d 64; Matter of Gold v Lomenzo, 35 AD2d 1054, mod 29 NY2d 468.)
The term "wrongfully”, which is objected to by the defendant in this application, is meant as an indication of a wrongful intent. Through daily use it has acquired a content which conveys to any interested person a sufficiently accurate concept of what is forbidden. No. statutory erosion of section 15.05 of the Penal Law is inherent in this determination.
The defendant was afforded a preliminary hearing pursuant to CPL 170.75. The purpose of this hearing is to determine whether or not there is reasonable cause to believe that the defendant committed the misdemeanor(s) upon which he was arraigned.
"Reasonable cause” exists where evidence or information *220 which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it (CPL 70.10, subd 2).
After reviewing the transcribed minutes of the hearing, it is this court’s opinion that reasonable cause did exist to believe the defendant committed the crime of tampering with a witness (Penal Law, § 215.10).
The complainant Richard Borrea appeared in court approximately 19 times in connection with the criminal proceedings wherein this defendant was charged with assault. Mr. Borrea was to give testimony against defendant Esteves in that matter. This fact, coupled with the defendant’s threatening actions on September 11, 1975 is susceptible of no other interpretation.
It must also be confirmed that once the illegal and wrongful attempt to intimidate is established, the state of mind of the witness Borrea is irrelevant. The latter’s intent is not in any sense an element of the crime. The fact that the witness may have had every intention of testifying in any case would not detract from the alleged unlawful and criminal efforts exerted by the defendant to dissuade Borrea from testifying. It is not necessary that the defendant succeed in his attempt. (People v Leonard, 24 Misc 2d 300.)
Accordingly, defendant’s motion to dismiss the misdemeanor information is denied.