■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK L. DEAN, Appellant. — Appeal from a judgment of the County Court of Tompkins County, rendered March 17, 1980, upon a verdict convicting defendant

of the crimes of operating a motor vehicle while having more than .10% by weight of alcohol in his blood and operating a motor vehicle while in an intoxicated condition. As a result of an incident which occurred at approximately 9:00 P.M. on September 21, 1978 on Buffalo Hill Road in the Town of Caroline, County of Tompkins, defendant was arrested for, *inter alia,* driving while intoxicated, and simplified traffic informations were filed against him in the Town Court of the Town of Caroline. Thereafter, a Special Term of Supreme Court granted defendant's motion pursuant to CPL 170.25 for an order directing the District Attorney to prosecute the charges against him by indictment, and as a consequence, on June 6, 1979, defendant was indicted on two misdemeanor charges arising out of the September 21, 1978 incident, one count being operating a motor vehicle while having more than .10% by weight of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2) and the second count being operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 1192, subd 3). Over his objection, defendant was subsequently tried and convicted on both counts before a six-person jury in Tompkins County Court, and this appeal ensued. Seeking a reversal of his convictions, defendant initially contends that he was denied due process of law in that he was tried before a jury of six rather than 12 persons. We agree. Although article VI (§ 18, subd a) of the New York State Constitution authorizes the State Legislature to provide for both six-person and 12-person juries, this same section also explicitly provides that "crimes prosecuted by indictment shall be tried by a jury composed of twelve persons". This quoted language is mandatory in nature *(People v De Jesus,* 21 AD2d 236), and it was inserted in the Constitution without limitation or qualification. Accordingly, its clear and precise meaning should be given full effect regardless of what this court or anyone may think concerning the wisdom of the subject provision (see *People v Rathbone,* 145 NY 434, 438). In sum, the will of the People as clearly expressed in the Constitution must prevail, and defendant's trial must conform to express constitutional mandates. Moreover, the District Attorney's reliance on section 6 of article I of the Constitution in seeking approval of a six-person jury for defendant is misplaced because that provision relates solely to capital or otherwise infamous crimes and does not directly or by inference control the manner of trials for misdemeanors. Additionally, any increased burden upon superior courts resulting from misdemeanor trials before 12-person juries likewise cannot justify disregard for constitutional rights. Such being the case, even though the main purpose of defendant's motion pursuant to CPL 170.25 may well have been to give defendant a trial before a lawyer-Judge, once the motion was granted and a trial was to be had by indictment in County Court, it was constitutionally required that defendant be tried before a 12-person jury. We reach no other issue. Judgment reversed, on the law, and new trial ordered. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.