◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETRA PEREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered April 16, 1984, convicting her of criminal solicitation in the second degree and tampering with a witness in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing defendant's conviction of tampering with a witness in the third degree, the sentence imposed thereon is vacated, and said count of the indictment is dismissed. As so modified, judgment affirmed. The matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

There is insufficient evidence in the record to support the jury's finding that defendant knew, as required by the relevant statute (Penal Law § 215.11), that Ellemuel Rodriquez was about to be called as a witness in a criminal proceeding. Accordingly, the judgment must be modified by reversing defendant's conviction on that count of the indictment charging her with tampering with a witness in the third degree, vacating the sentence imposed thereon and dismissing said count of the indictment (see, People v La Belle, 18 NY2d 405).

However, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that defendant was guilty of criminal solicitation in the second degree beyond a reasonable doubt (see, People v Contes, 60 NY2d 620; Jackson v Virginia, 443 US 307).

We have reviewed the remaining arguments raised by defendant regarding alleged errors committed by the trial court in its charge and by the prosecutor during the trial and in his summation, and find them to be either unpreserved for appellate review as a matter of law, or without merit. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.