OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was found not responsible for the crime of rape in the first degree by reason of mental disease or defect and was committed, in the custody of the Commissioner of Mental Health pursuant to CPL 330.20, to the Mid-Hudson Psychiatric Center, a secure facility. While a second retention order was in effect (CPL 330.20 [9]) defendant was transferred to the Bronx Psychiatric Center, a nonsecure facility, upon a showing that he did "not have a dangerous mental disorder” and that, "consistent with the public safety and welfare of the community and the defendant, the clinical condition of the defendant warranted] his transfer from a secure facility” to a nonsecure facility (CPL 330.20 [11]). While he was at the nonsecure facility he left without authorization and was thereafter indicted for escape in the second degree (Penal Law § 205.10) and escape in the third degree (Penal Law § 205.05). Supreme Court dismissed the indictment (127 Mise 2d 717) and the Appellate Division affirmed, without opinion.
We agree with the courts below that a nonsecure facility does not constitute a detention facility within the meaning of Penal Law § 205.00 (1) and that, therefore, defendant cannot be guilty of escape in the second degree (Penal Law § 205.10). As Supreme Court noted, after defendant was transferred to the Bronx Psychiatric Center upon the finding that he was no longer suffering from a "dangerous mental disorder” (CPL 330.20 [11]), the purpose of his custody in the Commissioner of *765 Mental Health was no longer "security, confinement and prevention of escapes”, but "therapy and rehabilitation” (127 Misc 2d 717, 728, supra; see, People v Walter, 115 AD2d 52, 54). Nor do we read Penal Law § 205.05 in these circumstances to permit prosecution for escape in the third degree. The Legislature plainly did not intend to include such conduct within the scope of this crime; if it had, the Legislature could have indicated its intention in clear terms, as it did in the corresponding section defining escape in the second degree (see, Penal Law § 205.10 [1], [2], [3]).