■ The People of the State of New York, Respondent, v Joseph Delgado, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 10, 1987, convicting him of burglary in the first degree, burglary in the second degree, petit larceny, tampering with a witness in the third degree, criminal trespass in the second degree, criminal mischief in the fourth degree, possession of burglar's tools and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of burglary in the second degree, tampering with a witness in the third degree, and criminal trespass in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The trial court erroneously precluded the defense from presenting extrinsic evidence tending to support the inference that an eyewitness to the crime, the defendant's girlfriend, Ms. Giovanello, who testified for the prosecution and who claimed to be a reformed drug addict, was, in fact, still taking drugs at the time of trial *(see, People v Freeland,* 36 NY2d 518; *People v Webster,* 139 NY 73; *People v English,* 126 AD2d 738). However, we find this error to be harmless in view of the extensive testimony elicited and arguments made as to the witness's past and present drug use and the ample opportunity the jurors had to observe both the witness's demeanor and the physical appearance of her arm, against which they could evaluate her claim that she was no longer injecting heroin and that the recent needle marks on her arm were the product of medical blood tests *(see, People v Crimmins,* 36 NY2d 230).

The defendant's conviction of tampering with a witness in the third degree was the result of certain threats he made to

Ms. Giovanello, who testified at trial that she encountered the defendant, her boyfriend, on the evening of the incident prior to her having notified the police that she had witnessed the burglary and could identify its perpetrators, at which time he threatened, at knifepoint: " 'If you talk, if you tell anybody what we did today, I'm going to kill you' ". The defendant asserts that the evidence adduced in this regard was legally insufficient inasmuch as Giovanello was not a witness in an ongoing criminal proceeding when the act which was the subject of the indictment took place. We agree.

Penal Law § 215.11 provides, in pertinent part:

"A person is guilty of tampering with a witness in the third degree when, *knowing that a person is about to be called as a witness in a criminal proceeding:*

"1. He wrongfully compels or attempts to compel such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at such proceeding by means of instilling in him a fear that the actor will cause physical injury to such person or another person". (Emphasis added.)

The plain wording of the statute, which requires the subject of the tampering to be one who is "about to be called as a witness in a criminal proceeding", does not encompass the situation at bar. On the date of the alleged tampering, Giovanello was neither a witness in a criminal proceeding nor a person about to be called as a witness. In fact, the defendant had neither been named, arrested, nor charged as being the perpetrator of a criminal offense. Thus, the defendant's actions simply do not rise to the level of tampering with a witness *(but see, People v Robinson,* 133 Misc 2d 618).

Indeed, the more recently enacted section of the Penal Law declaring a criminal act the intimidation of a victim or witness who is known to "possess * * * information relating to a criminal transaction" by "[w]rongfully compel[ling] or attempt[ing] to compel such other person to refrain from communicating such information to any court, grand jury, prosecutor, police officer or peace officer by means of instilling in him a fear that the actor will cause physical injury to such other person" (Penal Law § 215.15 [1]), was intended to bridge the gap that existed in the tampering provision and contemplated the very circumstances presented here. As stated in the legislative history of the section: "Victims are frequently the most valuable asset in prosecution efforts but are not offered assistance under witness protection statutes, including New York State's tampering statute, because they have not been

subpoenaed or have not, at the time of intimidation, acquired witness status in the criminal justice process. Immediately after a crime has been committed is very often the most critical time for intimidation efforts to take place and to be effective. Under the proposed bill, the act of threatening someone not to report their victimization is proscribed and would discourage intimidation during this important period of time" (mem of Paul S. Hudson, Counsel to Crime Victim's Board, to Gerald Crotty, Counsel to the Governor, re 1985 Legis Proposal No. 27, at 3, Bill Jacket, L 1985, ch 667, § 2; *see,* Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 39, 1988 Pocket Part, Penal Law § 215.15, at 341). In sum, the evidence adduced was legally insufficient to establish the crime of tampering with a witness in the third degree and that count must be dismissed.

Finally, the defendant correctly observes that his conviction of both burglary in the second degree (Penal Law § 140.25 [2]) and criminal trespass in the second degree (Penal Law § 140.15) must be dismissed as inclusory concurrent counts of burglary in the first degree as defined in Penal Law § 140.30 (3) *(see, People v Green,* 56 NY2d 427, 430; *People v Enderle,* 114 AD2d 693, *lv denied* 67 NY2d 651). The conviction for criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), which requires proof that the defendant possess "any * * * dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" must, however, be sustained since it is theoretically possible to commit burglary in the first degree, requiring proof that the defendant "[u]se * * * or threaten * * * the immediate use of a dangerous instrument" (Penal Law § 140.30 [3]), without at the same time committing the former crime. As was recently observed in *People v Graham* (127 AD2d 443, 446): "Since one could threaten the immediate use of a dangerous instrument without actually possessing it, one could commit burglary without also committing possession of a weapon".

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Weinstein and Balletta, JJ., concur.