THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v NATHANIEL GRIFFIN, JR., Defendant.

Supreme Court, Monroe County, December 19, 1988

**APPEARANCES OF COUNSEL**

*Timothy DeJohn* for defendant. *Howard R. Relin, District Attorney (Richard Dever* of counsel), for plaintiff.

**OPINION OF THE COURT**

DONALD J. MARK, J.

The defendant was charged with two counts of criminal possession of a forged instrument in the second degree and two counts of petit larceny arising out of an incident in which he allegedly cashed two altered money orders for $88.61. The

defendant's application to dismiss the indictment in the interest of justice pursuant to CPL 210.40 (1) was granted after a hearing *(People v Zagarino,* 74 AD2d 115) to the extent that the two felony charges were dismissed. Although the 10 factors delineated in CPL 210.40 were discussed, the most salient ground was that the mandated minimum sentence was grossly disproportionate to the crimes *(People v Cruz,* 114 AD2d 769, *appeal denied* 67 NY2d 882).[1]

This resolution was dictated by the equities of the situation in that the dilemma of enhanced punishment was avoided while at the same time the prosecution was permitted to continue *(see, People v Vecchio,* 139 Misc 2d 165).

As a result three novel issues emerged, which will be discussed *seriatim.*

The first such issue is whether the two petit larceny charges could be transferred to City Court, the local criminal court where misdemeanors are normally prosecuted.[2]

CPL 170.25 (1) permits a superior court in a proper case upon the application of the defendant to divest a local criminal court of jurisdiction of a misdemeanor so that it may be presented to a Grand Jury and prosecuted by indictment; CPL 170.20 (2) gives the District Attorney the right to present a misdemeanor to a Grand Jury, thereby divesting the local criminal court of jurisdiction. However, the Criminal Procedure Law provides no mechanism whereby a superior court can transfer a misdemeanor, joined in an indictment with a felony, to a local criminal court when the companion felony has been dismissed *(see, People v Bebee,* NYLJ, Sept. 22, 1988, at 22, col 6 [only felony counts dismissed in interest of justice so the defendant could be sentenced to probation in the event of conviction of nonfelony counts in superior court]).[3]

Although CPL 170.20 (1) only obliquely applies to the situa-

1. Upon his conviction for the D felonies the defendant faces a minimum of 2 years and a maximum of 4 years' confinement as a second felony offender (Penal Law § 70.06 [3] [d]), or a minimum of 15 years and a maximum of life confinement as a possible persistent felony offender (Penal Law § 70.10 [2]).

2. While an answer in the negative would seem to be beyond cavil, there were two instances in this county where superior courts under somewhat similar circumstances without challenge caused local criminal courts to assume jurisdiction of misdemeanors prosecuted by indictment.

3. The law is different for civil actions. CPLR 325 (d) permits Supreme Court to remove an action without consent to a court of limited jurisdiction where it appears that the damages sustained may be less than demanded.

tion here, it recites that when an indictment charges a defendant with a misdemeanor, the local criminal court is thereby divested of jurisdiction *(People v Phillips,* 66 AD2d 696, *affd* 48 NY2d 1011). The origin of a misdemeanor charge, whether it be in a local criminal court or in a superior court, provided it is prosecuted by an indictment, should not determine the forum.

Thus, this court retains jurisdiction of the two counts of petit larceny, despite the dismissal of the two felony counts.

The second issue is whether the defendant is entitled to a trial by 6 jurors or 12 jurors.

The trial of a misdemeanor in a local criminal court is before a jury consisting of 6 persons (CPL 360.10 [1]), while the trial of a felony in a superior court is before a jury consisting of 12 persons (CPL 270.05 [1]). This hybrid situation —the trial of a misdemeanor charge in superior court—is governed by neither statute, but by NY Constitution, article VI, § 18 (a) which provides that "crimes prosecuted by indictment shall be tried by a jury composed of twelve persons". *People v Dean* (80 AD2d 695) reversed the defendant's conviction on misdemeanor driving while intoxicated counts, where the defendant was prosecuted by indictment in County Court pursuant to CPL 170.25 (1), because he was tried before 6 rather than 12 jurors.

Thus, the defendant shall be tried before a jury of 12 persons, although the prosecution involves only two misdemeanor charges.

The final issue is whether the defendant has the right to 3 peremptory challenges or 10 peremptory challenges.

CPL 360.30 (2) allows each party three peremptory challenges where a misdemeanor is prosecuted in a local criminal court. CPL 270.25 (2) provides in subdivision (a) for 20 peremptory challenges if the highest crime charged is a class A felony, in subdivision (b) for 15 peremptory challenges if the highest crime charged is a class B or class C felony and in subdivision (c) for 10 peremptory challenges "in all other cases". The very obvious omission from subdivision (c) of class D and class E felonies must indicate that the quoted phrase refers to class D and class E felonies as well as all nonfelonies prosecuted by indictment.

This interpretation would be consistent with the following rules of statutory construction as delineated in McKinney's Consolidated Laws of NY, Book 1, Statutes § 98: All parts of a

statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof *(People v Morse,* 62 NY2d 205). If there is nothing to indicate a contrary intent on the part of the lawmakers, terms of general import in a statute ordinarily are to receive their full significance (McKinney's Cons Laws of NY, Book 1, Statutes § 114; *People v Russo,* 131 Misc 2d 677). In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning (McKinney's Cons Laws of NY, Book 1, Statutes § 231; *People v Gallina,* 66 NY2d 52).

This interpretation would also comport with *People v Dean (supra),* which construed the Constitution of this State to mandate a 12-person jury where a misdemeanor charge is prosecuted by an indictment in a superior court. It would be incongruous if peremptory challenges to 12 jurors were limited to only 3 challenges where a misdemeanor is involved while permitting 10 peremptory challenges to 12 jurors where the crime charged is a class D or class E felony.

Thus, the defendant shall be entitled to 10 peremptory challenges upon the trial of this action, albeit he is being prosecuted only for two misdemeanors.