■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTEY HARPER, Appellant.—Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The corpus delicti of the crime of bribe receiving by a witness is not the payment of money, " 'but the agreement or understanding under which it was given; the intent * * * in making the payment' " *(People v Insogna,* 28 AD2d 771, 773). "While criminal intent will be presumed from the commission of an act in its nature unlawful, the act itself being evidence of the intent, it is also true that when an act becomes criminal only through the existence of a specific intent such intent must be proved" *(People v Kathan,* 136 App Div 303, 307). Here, the written agreement between defendant and Betty Gladden provided that defendant would "drop" criminal charges against Gladden's son upon her payment of defendant's medical expenses in the sum of $5,000; defendant further agreed to refrain from harassing the son upon payment of an additional $5,000. While this large amount was "sufficient to afford a substantial inducement * * * to commit perjury" by defendant, "there was nothing furtive in the actions of the defendant" *(People v Kathan, supra,* at 310). Moreover, the record contains no evidence that defendant would alter his testimony if the criminal prosecution against the son were continued or that defendant sought to absent himself or otherwise avoid appearing as required by the People. We conclude that the evidence was legally insufficient, as a matter of law, to sustain the indictment *(see,* Penal Law § 215.05; *People v Bleakley,* 69 NY2d 490, 495, *lv denied* 72 NY2d 856). (Appeal from judgment of Erie County Court, La Mendola, J.—bribe receiving by a witness.) Present—Doerr, J. P, Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTEY HARPER, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence of physical injury to the victim was sufficient to support defendant's conviction for assault in the third degree *(cf., People v McDowell,* 28 NY2d 373). The victim testified that the force of defendant's blow to her eye caused her to fall to the floor. She was dazed and couldn't see out of her left eye. Her eye began to swell. Defendant himself testified that the victim's eye was swollen and "in bad shape". Photographs of the victim taken in the

hospital very soon after the assault reveal substantial bruising and swelling. The examining physician testified that the left side of the victim's face was swollen and battered. This evidence was sufficient to prove impairment of the victim's physical condition (Penal Law § 10.00 [9]). We find defendant's remaining contentions to be either unpreserved or lacking in merit. (Appeal from judgment of Erie County Court, La Mendola, J.—assault, third degree.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.