■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. WARREN, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: Defendant moved, pursuant to CPL 170.25, for an order directing the District Attorney to prosecute the charges against him by indictment. Thereafter, defendant was indicted on misdemeanor charges of obstructing governmental administration and resisting arrest arising out of an incident on January 11, 1983. Defendant, over his objection, was subsequently tried and convicted of both misdemeanor counts before a six-person jury. Defendant now contends that he was denied his constitutional right to be tried before a jury of 12 persons. We agree.

Article VI (§ 18 [a]) of the NY Constitution authorizes the State Legislature to provide for both six-person and 12-person juries, but specifically provides that "crimes prosecuted by indictment shall be tried by a jury composed of twelve persons". This language is mandatory in nature *(People v De Jesus,* 21 AD2d 236) and it is without limitation or qualification *(People v Dean,* 80 AD2d 695, 696). Therefore, a defendant when prosecuted on an indictment is entitled to be tried by a jury composed of 12 persons even if the indictment, as here,

does not charge a felony (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 360.10, at 128; *People v Dean, supra).* We have reviewed defendant's remaining contentions and find them to be lacking in merit. (Appeal from judgment of Herkimer County Court, Bergin, J.—obstructing governmental administration; resisting arrest.) Present—Callahan, J. P., Boomer, Green, Pine and Davis, JJ.