THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN LESTER, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: The Constitution and applicable statutes unequivocally command that "crimes prosecuted by indictment shall be tried by a jury composed of twelve persons" (NY Const, art VI, § 18 [a]; CPL 260.10, 270.05 [1]; *see also, People v Warren,* 145 AD2d 966; *People v Dean,* 80 AD2d 695, 696). An indicted defendant cannot consent to a trial by fewer than 12 jurors *(Cancemi v People,* 18 NY 128; *see also, People v Ahmed,* 66 NY2d 307, 310-311, *rearg denied* 67 NY2d 647; *People v Mitchell,* 266 NY 15, 18; *People v Cosmo,* 205 NY 91, 97, 100; *People v Thorn,* 156 NY 286, 294; *People v Guidici,* 100 NY 503, 508; *Vose v Cockcroft,* 44 NY 415, 422-423). Thus, notwithstanding defendant's consent to the procedure, the court erred in conducting a trial by 10 jurors. Since an indicted defendant's right to a trial by jury composed of 12 persons is fundamental and affects the organization of the court and the mode of proceedings prescribed by law, waiver and preservation principles do not preclude defendant from protesting the error for the first time on appeal *(People v Ahmed, supra,* at 310, citing *Cancemi v People, supra).* (Appeal from judgment of Niagara County Court, Hannigan, J.—unau-

thorized use of motor vehicle; petit larceny.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.