OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who has been charged with the crimes of intimidating a victim or witness in the third degree, aggravated harassment in the second degree, criminal contempt in the second degree and the violation of harassment, has moved pursuant to CPL 210.30 (1) to dismiss the indictment upon the ground that the evidence before the Grand Jury was legally insufficient.
*175 Only the application to dismiss the first charge merits discussion.
Penal Law § 215.15 (1) provides as follows:
"A person is guilty of intimidating a victim or witness in the third degree when, knowing that another person possesses information relating to a criminal transaction * * * he:
"1. Wrongfully compels or attempts to compel such other person to refrain from communicating such information to any court, grand jury, prosecutor, police officer or peace officer by means of instilling in him a fear that the actor will cause physical injury to such other person or another person.”
There was evidence presented to the Grand Jury that the defendant and his wife were separated; that an order of protection was issued by Family Court; that in violation of such order the defendant slapped his wife across the face; that as a result of this incident the defendant was arrested for criminal contempt in the second degree and harassment; that the defendant was confined in the county jail pending disposition of those charges; that the defendant telephoned his wife and asked her to withdraw the charges so he could be released from jail; and that when the defendant’s wife refused, the defendant threatened to kill his wife and her parents.
The defendant in this case wrongfully attempted to compel his estranged wife to withdraw criminal charges against him by installing in her a fear that he would kill her and her parents. Since the defendant had been arrested and charged, his wife had already communicated information regarding the defendant’s illegal activities to all the proper authorities involved, the police, the prosecutor and the court. The local criminal court having jurisdiction of those offenses had not yet set a trial date, so there was no criminal proceeding pending at which the defendant’s wife would be expected to testify.
Section 215.15 (1) is akin to section 215.11 (1), which provides as follows:
"A person is guilty of tampering with a witness in the third degree when, knowing that a person is about to be called as a witness in a criminal proceeding:
"1. He wrongfully compels or attempts to compel such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at such proceeding by means of instilling in him a fear that the actor will cause physical injury to such person or another person”.
Tampering with a witness contemplates the intimidation of *176 a person who is about to give testimony or has given testimony in a criminal proceeding, while intimidating a victim or witness contemplates the intimidation of a person who may wish to give information or has given information,[1] not necessarily in the form of testimony, about a criminal transaction (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 215.10, at 556-558).
The distinction between these two sections was explained in People v Delgado (143 AD2d 1033). There, the defendant’s girlfriend witnessed the defendant commit a burglary, at which time the defendant threatened his girlfriend at knife-point that he would kill her if she told anybody. The defendant’s conviction for tampering with a witness in the third degree in violation of section 215.11 (1) was reversed, because at the time of the alleged tampering, the defendant had not been arrested or charged, and the girlfriend was neither a witness in a criminal proceeding nor a person about to be called as a witness. The appellate court commented that section 215.15 (1) was intended to bridge the gap in the tampering provision and contemplated the very circumstances presented in that case,[2] implying that had that section been utilized the defendant could properly have been convicted.
The defendant’s wife, here, as has been indicated, had already communicated information regarding the offenses allegedly committed against her by the defendant to the police, the prosecutor and the court, so section 215.15 (1) is not applicable. This section was not designed to deter a defendant from threatening a victim or witness after such individual had already reported a crime to the appropriate authorities (see, People v Delgado, supra, which quotes a statement in the legislative history of this section; People v Esteves, 85 Misc 2d 217, where a defendant charged with a violation of Penal Law §215.10 threatened a witness just prior to the preliminary hearing). Thus, there is another gap in the law, for this section cannot be invoked to protect the defendant’s wife from intimidation in her role as a victim/witness.[3]
*177 Another reason why the defendant could not be charged with a violation of either section 215.15 (1) or section 215.11 (1) is that a threat to a victim in order to effect a withdrawal of a charge against a defendant is not proscribed by either section, as both sections are only directed toward conduct calculated to suppress a witness’ testimony or information.
While there is apparently no case in point in this State, People v Harper (145 AD2d 933 [No. 47]) and People v Scribner (108 Ill App 3d 1138, 440 NE2d 160) are very analogous and support this proposition.
The defendant in People v Harper (supra) was convicted of the crime of bribe receiving by a witness in violation of section 215.05 for agreeing to "drop” criminal charges against one Gladden’s son upon her payment of the defendant’s medical expenses in the sum of $5,000. The Appellate Division, Fourth Department, reversed the conviction because there was no evidence that the defendant would alter his testimony if the criminal prosecution against the son were continued or that the defendant sought to absent himself or otherwise avoid appearing to testify as required by the People.
People v Scribner (supra) is also illustrative and more definitive. In that case, the statute prohibited a person from communicating with a witness to deter him from testifying on a pending matter by offering or giving him money. The defendant was charged with offering the victim money if he would request the prosecutor to withdraw criminal charges against the defendant’s nephews. That State appellate court held that the defendant’s action was not violative of the statute, because the prosecutor was empowered to disregard the victim’s request to discontinue prosecution, and the victim could have fulfilled his part of the bargain by requesting a dismissal and still testify at the trial.
Similarly, in this case, the defendant demanded only that his wife withdraw the charges she placed against him, so he did not tamper with or intimidate his wife as a victim/witness.
As to the other counts of the indictment, the evidence produced was sufficient to support the charges as alleged, or a lesser included offense thereof (CPL 210.20 [1] [b]; People v Leonardo, 60 NY2d 683; People v Deitsch, 97 AD2d 327).
*178 Accordingly, the application to dismiss the first count of the indictment charging the defendant with intimidating a victim or witness in the third degree is granted; the application to dismiss the remaining counts of the indictment is denied.[4]

. While the Practice Commentaries use the past tense also, this would seem to be a very liberal, and impermissible, interpretation of these statutes (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 94; People v Ortega, 127 Misc 2d 717, affd 118 AD2d 523, affd 69 NY2d 763).

. This case reached a conclusion contrary to that reached in People v Robinson (133 Misc 2d 618) which was cited with apparent disapproval.

. Section 215.11 (1) is equally inapplicable, since the defendant’s wife was not about to be called as a witness in a criminal proceeding, as none was pending (People v Perez, 116 AD2d 673).

. Although the felony charge is dismissed, this court nevertheless retains jurisdiction of the two misdemeanors and violation (People v Griffin, 142 Misc 2d 41).