■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADY HOLLENQUEST, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), dated March 20, 1989, convicting him of robbery in the first degree, tampering with a witness in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for tampering with a witness in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We agree with the defendant that the evidence adduced at trial was legally insufficient to establish that he was guilty of tampering with a witness in the third degree *(see,* Penal Law § 215.11; *see also, People v Delgado,* 143 AD2d 1033). Although testimony established that the defendant approached and threatened to kill William Bianculli four days after Bianculli had observed the defendant commit a robbery at a retail store *(see,* Penal Law § 215.15 [1]; *see also, People v Gamble,* 74 NY2d 904) and although Bianculli had described and identified the defendant by nickname to the police investigating the incident, the defendant had not then been arrested or charged in connection with the crime and Bianculli was not "about to be called as a witness in a criminal proceeding" (Penal Law § 215.11; *see also, People v Delgado, supra).* As a result, defendant's conviction for tampering with a witness in the third degree must be reversed *(cf., People v Delgado, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.