■ In the Matter of CAITLIN VV., a Person Alleged to be a Juvenile Delinquent, Appellant. MARK M. RIDER, as Saratoga County Attorney, Respondent. [692 NYS2d 479] —Crew III, J. P. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered October 7, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent to be a juvenile delinquent.

Respondent, having been adjudicated as a person in need of supervision, was placed in a nonsecure detention facility in Jefferson County. After respondent left the facility without permission, a petition was filed alleging that she had committed an act which, if committed by an adult, would constitute the crime of escape in the second degree. Thereafter Family Court, *sua sponte*, amended the petition to allege escape in the third degree and, following a fact-finding/dispositional hearing, respondent was adjudicated to be a juvenile delinquent and placed on probation for 12 months. Respondent now appeals.

Petitioner argues on appeal that inasmuch as respondent

was placed in the custody of a duly licensed detention facility pursuant to an order of Family Court, respondent was in "custody" within the meaning of Penal Law § 205.00 (2) and, hence, her unauthorized departure from such facility met the statutory requirements for escape in the third degree (*see,* Penal Law § 205.05). We are not unsympathetic to the position taken by petitioner and, indeed, a similar argument has been looked upon with favor by the First Department (*see, Matter of Bernard T.,* 250 AD2d 532, *lv denied* 92 NY2d 808). Nonetheless, in view of the Court of Appeals' decision in *People v Ortega* (69 NY2d 763), we are constrained to reverse.

In *Ortega (supra),* the defendant, having been found not responsible for the crime of rape in the first degree by reason of mental disease or defect, was committed by court order to the custody of the Commissioner of Mental Health and placed in a secure psychiatric facility. Ultimately, the defendant was transferred to a nonsecure psychiatric facility, from which he later absconded. As a consequence, the defendant was indicted and charged with escape in the second degree and escape in the third degree. A majority of the Court of Appeals affirmed the dismissal of the indictment stating that, with regard to the charge of escape in the third degree, "[t]he Legislature plainly did not intend to include [the defendant's] conduct within the scope of this crime; if it had, the Legislature could have indicated its intention in clear terms, as it did in the corresponding section defining escape in the second degree" (*id.,* at 765).

. Whether the *Ortega* decision is premised upon the belief that an individual who has been placed in a nonsecure facility is not in "custody" within the meaning of Penal Law § 205.00 (2) or, rather, that such an individual, who presumably has been so placed because he or she does not pose a significant risk to the surrounding community and, further, is in need of therapy and rehabilitation (*see, id.*), simply should not be subject to criminal sanctions because he or she elects to leave such facility without authorization, is not clear. What is clear, however, is that the holding in *Ortega* applies with equal force here and, accordingly, we have no choice but to reverse Family Court's order and dismiss the underlying juvenile delinquency petition.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.