OPINION OF THE COURT
Carol R. Edmead, J.
During the trial of the instant matter, at the conclusion of *302 the People’s case, defendant Asher Hasan moved to dismiss the fifth count of the prosecutor’s information charging tampering with a witness in the fourth degree (Penal Law § 215.10 [a]). Preliminarily, the court denied the defendant’s motion. The court’s decision now follows.
Penal Law § 215.10 (a) provides, “A person is guilty of tampering with a witness when, knowing that a person is or is about to be called as a witness in an action or proceeding * * * he wrongfully induces or attempts to induce such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at, such action or proceeding.”
In this case, the People charged that the defendant made a series of phone calls to the complainant from June 18 through 28, 1999, asking the complainant to withdraw her complaint. At that time, the defendant had been served an appearance ticket by the police (in lieu of being arrested) and was scheduled to appear for arraignment.
The defendant contended that his alleged efforts to influence the complainant do not constitute witness tampering because, at the time he contacted her, the complainant had not yet been scheduled to testify. Also, the defendant argued, the charges do not constitute witness tampering because he had asked the complainant to withdraw the charges, rather than not to testify.
No reported decision addresses the issue of whether an attempt to induce a complainant to withdraw a complaint subsequent to the issuance of an appearance ticket, but before the criminal action has commenced, constitutes tampering with a witness.
Initially, tampering with a witness was a single degree crime. In 1982, “with the increasing recognition that tampering with a witness was a serious problem,” the original crime was renamed tampering with a witness in the fourth degree, and three additional degrees were added. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law §215.10, at 397 [1999].)
In 1985, the crime of intimidating a victim or witness was added. (Donnino, Practice Commentary, op. cit., at 398.) The basic difference between these crimes is the following: “Tampering with a witness contemplates the intimidation, of a person who is about to give or has given testimony in an action or criminal proceeding. Intimidating a victim or witness contemplates the intimidation of a person who may wish to give or *303 has given information, not necessarily in the form of testimony, about a criminal transaction to any court, grand jury, prosecutor, police or peace officer irrespective of whether a criminal proceeding exists.” (Supra, at 399.) The intimidation statute “was intended to bridge the gap that existed in the tampering provision.” (People v Delgado, 143 AD2d 1033, 1034 [2d Dept], lv denied 73 NY2d 854 [1988].) Specifically, victims are not protected by the tampering statute “ ‘because they have not been subpoenaed or have not, at the time of intimidation, acquired witness status in the criminal justice process.’ ” (Supra, at 1034-1035, quoting legislative history of intimidation statute.)
Thus, in People v Delgado (143 AD2d, supra, at 1033), the conviction for tampering with a witness in the third degree was dismissed where the defendant threatened to kill the eyewitness, his girlfriend, when he encountered her on the evening of the incident prior to the girlfriend notifying the police of what she had observed. The Court reasoned that the defendant’s actions “do not rise to the level of tampering with a witness” because, at the time the defendánt threatened her, the girlfriend “was neither a witness in a criminal proceeding nor a person about to be called as a witness. In fact, the defendant had neither been named, arrested, nor charged as being the perpetrator of a criminal offense.” (Supra, at 1034.)[1]
Similarly, the defendant’s conviction for tampering with a witness was reversed in People v Hollenquest (173 AD2d 560 [2d Dept 1991]), where the defendant threatened to kill an eyewitness four days after the witness had observed the defendant commit a robbery. The Court reasoned that, although the witness had described and identified the defendant by nickname to the police, “the defendant had not been arrested or charged in connection with the crime and [the eyewitness] was not ‘about to be called as a witness in a criminal proceeding’.” (Supra, at 560, quoting Penal Law § 215.11.)
The defense has cited People v Kase (144 Misc 2d 174 [Sup Ct, Monroe County 1989]). In that case, the defendant was charged with intimidating a witness in the third degree, in violation of Penal Law § 215.15 (1). The defendant had been arrested for criminal contempt and harassment because he violated a Family Court order of protection by slapping his estranged wife across the face. While in jail, the defendant *304 telephoned his wife and asked her to withdraw the charges. When she refused, he threatened to kill her and her parents. (Supra, at 175.) The court dismissed the charge of intimidating a witness, reasoning that Penal Law § 215.15 (1) does not apply because “[t]his section was not designed to deter a defendant from threatening a victim or witness after such individual had already reported a crime to the appropriate authorities.” (Supra, at 176.)
In a footnote, the Kase court stated that Penal Law § 215.11 (1), tampering with a witness in the third degree, “is equally inapplicable, since the defendant’s wife was not about to be called as a witness in a criminal proceeding, as none was pending.” (Supra, at 176, n 3.) The court concluded that the circumstances in question fell into a gap in the law, not being covered by either the prohibition against tampering with a witness or intimidation of a witness. Thus, the comment about witness tampering is mere dictum.
Further, the court’s reasoning in Kase (supra) seems to be generally flawed. The court’s ruling that once a victim has reported a crime to the authorities, the crime of intimidation of a witness can no longer be committed has been overruled in subsequent appellate decisions. (See, e.g., Matter of Phillippa P., 221 AD2d 159 [1st Dept 1995] [“(W)e reject respondent’s argument that the statute is inapplicable to attempts to coerce a complainant to ‘drop * * * charges’ * * * or to instances where the complainant already has given statements or evidence to police”]; Matter of Vere C., 181 AD2d 635, 636 [1st Dept 1992], lv denied 80 NY2d 754 [1992] [Penal Law § 215.15 “applies where an attempt is made to force a victim to refrain from communicating information related to a criminal incident to a court, and is not limited in application to protecting victims and witnesses prior to when they attain the status of witness in a criminal proceeding”].) Additionally, the court’s reasoning is contrary to the Practice Commentary, quoted above, which states that the intimidation statute protects “a person who may wish to give information or has given information” to the authorities.[2] (Op. cit, at 399.)
Furthermore, the Kase court’s view that the tampering and intimidation statutes are mutually exclusive is also inconsistent with the Practice Commentary, which explains that there is an overlap between the two. (See, Donnino, Practice Com *305 mentary, op. cit, at 399 [“(I)ntimidating a victim or witness.is the more inclusive crime, and the commission of tampering with a witness is more likely to also constitute intimidating a victim or witness than vice versa”].)
In the instant matter, in contrast to the decisions discussed above, although no date had been set for trial or other testimony, the police had already taken steps to commence a prosecution against the defendant. In People v Bugarsky (NYLJ, July 3, 2000, at 25, col 3 [Crim Ct, NY County]), the defendant moved to dismiss the charge of witness tampering in the fourth degree for facial insufficiency. The information alleged that the defendant approached the complainant in front of his place of business and stated, “ ‘ “Please drop the charges. I promise, if you drop the charges, I’ll leave you alone.” ’ ” (Supra, at 25, col 4.) The defendant had been arrested for harassment of the complainant the previous day. The court denied the motion to dismiss, reasoning that “[t]he defendant knew or should have known that the complainant would be a witness in a proceeding where the defendant was already arrested and arraigned.” (Supra, at 25, col 4.)
Here, an appearance ticket (more commonly known as a desk appearance ticket, or a DAT) had already been issued at the time the defendant was charged with making the calls to the complainant. However, it was not returnable until July 21, 1999, a date subsequent to the calls in question. An appearance ticket is “a written notice issued and subscribed by a police officer or other [authorized] public servant * * * directing a designated person to appear in a designated local criminal court at a designated future time in connection with his alleged commission of a designated offense.” (GPL 150.10 [1].) Thus, during the time the defendant had been contacting the complainant and attempting to get her to withdraw the charges,[3] the police had already made a decision to prosecute the defendant and a date was set for his arraignment.
However, the GPL provides that a criminal action commences “with the filing of an accusatory instrument against a defendant in a criminal court.” (GPL 1.20 [16]; accord, GPL 1.20 [17]; 100.05.) In this matter, as is the practice, the accusatory instrument was filed on the return date of the appearance ticket, at which time the defendant was arraigned, a time *306 subsequent to the defendant’s efforts to influence the complainant to withdraw her complaint. Thus, no action or proceeding was pending at the time the defendant placed his calls. Therefore, the complainant was not a witness or about to be called as a witness in an action or proceeding at the time the defendant asked her to drop the charges.
Accordingly, the charge of witness tampering should have been dismissed.
It should be noted that at this early stage of a criminal proceeding, before the accusatory instrument is filed, charges of intimidation of a witness may be brought for attempting to influence a witness to withdraw the complaint. (See, Matter of Phillippa P., 221 AD2d 159, supra.) However, all intimidation charges require that the defendant cause physical injury or property damage, or instill a fear of physical injury. (See, Penal Law §§ 215.15-215.17.) Yet, a witness may be intimidated to withdraw charges in more subtle ways, such as by harassment with frequent telephone calls, as is charged in the instant case, or by being followed about. This is especially true in domestic violence cases, where the defendant may, for example, repeatedly call the complainant at her place of business, causing her to fear loss of her job. Thus, there appears to be a gap in the law, which the passage of additional legislation may fill, e.g., an A misdemeanor charge of intimidating a witness in the fourth degree.

. The Court explained that Penal Law § 215.15 (1), intimidation of a witness in the third degree, would have been the appropriate charge.

. In a footnote, the court states, “While the Practice Commentaries use the past tense also, this would seem to be a very liberal, and impermissible, interpretation of these statutes.” (144 Misc 2d, supra, at 176, n 1.)

. Indeed, the complainant signed an “affidavit” on June 28, 1999, stating that “I am unconditionally dropping all charges against Ash[e]r Hasan. I do not intend to pursue any further action against Mr. Hasan as a result of any past incident and do not wish that any proceedings be sought against him.”