People v DiRoma (2020 NY Slip Op 07817)





People v Diroma


2020 NY Slip Op 07817


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1213 KA 16-01116

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK A. DIROMA, DEFENDANT-APPELLANT. 






KRAMER LEVIN NAFTALIS & FRANKEL LLP, NEW YORK CITY (HARRY MORGENTHAU OF COUNSEL), AND TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 26, 2016. The judgment convicted defendant upon a jury verdict of tampering with a witness in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of tampering with a witness in the third degree (Penal Law § 215.11 [1]), defendant contends that the conviction is based upon legally insufficient evidence. We agree. Although the evidence established that defendant assaulted the victim in violation of an order of protection and a few days later left the victim voicemails threatening her with violence if she pressed charges against him, defendant had not yet been arrested or charged with a crime in connection with the violation of the order of protection at the time he left the voicemails. Thus, at that time, the victim was not "about to be called as a witness in a criminal proceeding" (§ 215.11; see People v Hollenquest , 173 AD2d 560, 560 [2d Dept 1991]; cf. § 215.15). Therefore, the judgment must be reversed and the indictment dismissed (see Hollenquest , 173 AD2d at 560).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court